# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TASHA SMITH and FREDIERICK SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTUIT INC., a Delaware Corporation,<br><br>Defendant. | CASE NO.: **5:12-cv-00222-EJD**<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, AND SCHEDULING A FAIRNESS HEARING DATE** |

WHEREAS, Tasha Smith, Frederick Smith, and Sache Quildon, and Defendant, Intuit Inc., have reached a proposed settlement and compromise of the claims in the above-captioned matter, which arise from the Refund Processing Service offered, marketed, and/or provided in connection with TurboTax online, which is embodied in the Settlement Agreement filed with the Court; and

WHEREAS, the parties have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement;

WHEREAS, the Capitalized Terms herein shall have the same meaning as in the Settlement Agreement;

NOW, THEREFORE, the Court, having read and considered the Settlement Agreement and accompanying documents, as well as the Motion for Preliminary Settlement Approval and supporting papers, and the parties to the Settlement Agreement having consented to the entry of this order, AND GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Subject to further consideration by the Court at the time of the Fairness Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

2. For purposes of the Settlement only, the Court certifies the Settlement Class, which means: All Intuit customers in the United States who used Intuit's TurboTax online and utilized the Refund Processing Service from the time period from and including January 12, 2008, through the date of this Order granting preliminary approval of the settlement. Excluded from the class are all persons who elect to exclude themselves from the class, Intuit, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

3. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements for the existence of an ascertainable class, numerosity, typicality, commonality, adequacy of representation, and manageability of a settlement class, that common issues of law and fact predominate over individualized issues, and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

4. Tasha Smith, Frederierick Smith, and Sache Quildon shall serve as class representatives of the class.

5. The Court appoints the following counsel as Class Counsel for purposes of this settlement:

>Hank Bates and Allen Carney
>CARNEY BATES & PULLIAM, PLLC
>11311 Arcade Drive, Suite 200
>Little Rock, Arkansas 72212;

>Richard M. Golomb, Ruben Honik, and Kenneth J. Grunfeld
>GOLOMB & HONIK,
>1515 Market Street, Suite 1100
>Philadelphia, Pennsylvania 19102;

>M. Ryan Casey and Brian T. Ku
>KU & MUSSMAN, PA
>12550 Biscayne Boulevard, Suite 406
>Miami, Florida 33181; and

>Gillian Wade and Isaac Miller
>MILSTEIN ADELMAN, LLP
>2800 Donald Douglas Loop North
>Santa Monica, California 90405

The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23(g).

6. The Court approves the nomination of Heffler Claims Administration, 1515 Market Street, Suite 1700, Philadelphia, PA 19102 to administer the Settlement.

7. A Fairness Hearing shall be held before this Court at  9:00  a.m. on September 27 , 2013 in Courtroom 4 at 280 South First Street, San Jose, CA 95113, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (b) whether the Final Approval Order and Judgment should be entered; (c) whether Class Counsel's application for attorney's fees, expenses, and Class Representatives' service awards should be approved; and (d) any other matters that the Court deems appropriate.

8. With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings with respect to the claims in this Action are stayed and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined in the Settlement Agreement.

9. The Court has reviewed and approves, as to form and content, the Publication Notice, the Postcard Notice, and the Long Form Notice, all of which are attached to the Settlement Agreement. On or before July 24, 2013, the Publication Notice shall be posted on the Settlement Administrator's website and published in the USA Today. No later than August 23, 2013, the Settlement Administrator shall file with the Court declarations attesting to compliance with this Order.

10. The Court finds that the Parties' plan for providing notice to the Settlement Class described in Section VIII of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Fairness

1  Hearing, and complies fully with the requirements of the Federal Rules of Civil
2  Procedure, the United States Constitution, and any other applicable law.
3  The Settlement Administrator shall complete dissemination of notice in the manner
4  prescribed in Section VIII of the Settlement Agreement no later than July 24, 2013.

5        11.  The Court further finds that the notice plan described in Sections VIII
6  and IX of the Settlement Agreement will adequately inform members of the
7  Settlement Class of their right to exclude themselves from the Settlement Class so as
8  not to be bound by the terms of the Settlement Agreement.  Any member of the
9  Settlement Class who desires to be excluded from the Settlement Class, and therefore
10 not be bound by the terms of the Settlement Agreement, must submit to the Settlement
11 Administrator, pursuant to the instructions set forth in the Notice, a timely and valid
12 written Request for Exclusion no later than September 23, 2013.

13       12.  Any member of the Settlement Class who elects to be excluded shall not
14 be entitled to receive any of the benefits of the Settlement, shall not be bound by the
15 release of any claims pursuant to the Settlement Agreement, and shall not be entitled
16 to object to the Settlement or appear at the Fairness Hearing.  The names of all
17 Persons timely submitting valid Requests for Exclusion shall be provided to the Court
18 by the Settlement Administrator at least thirty (30) days before the Fairness Hearing.

19       13.  Any Settlement Class Member who does not submit a valid and timely
20 Request for Exclusion may object to the Settlement Agreement, to Class Counsel's
21 application for attorney's fees and costs, to the Class Representatives' service award,
22 or to the proposed Order and Judgment.  All objections must be postmarked by the
23 Objection Deadline.  All objections must be filed with the Court thirty (30) days
24 before the Fairness Hearing.  No Class Member shall have the right to appear and be
25 heard at the Fairness Hearing, either personally or through an attorney, unless written
26 notice of the Class Member's objection and any brief in support of the objection have
27 been filed with the Court and served upon Class Counsel and Intuit's Counsel in
28

1 conformance with the procedure set out in the detailed notice, which is Exhibit 1 to the Settlement Agreement.

14. Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel to the counsel listed in paragraph 4 above, and for Defendant's Counsel, to Austin V. Schwing, Gibson Dunn & Crutcher LLP, 555 Mission Street, San Francisco, CA. 94105.

15. Any Settlement Class Member who does not make an objection in the time and manner provided in the detailed notice, which is Exhibit 1 to the Settlement Agreement, shall be deemed to have waived such objection and be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, the payment of attorney's fees and costs, the Class Representatives' service award, the allocation of the Settlement Fund, or the Final Approval Order and Judgment.

16. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Fairness Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

18.  The following schedule shall apply:

| ACTIVITY | DEADLINE |
|---|---|
| 1.  Deadline for parties to create and fund the Settlement Fund | June 24, 2013 |
| 2.  Deadline for Defendant to provide list of potential Class Members to the Administrator | June 24, 2013 |
| 3.  Notice Deadline-Notice shall be sent to all persons identified on the list of potential Class Members | July 24, 2013 |
| 4.  Deadline for Filing Motion for Final Approval and Motion for Attorney's Fees, Costs and Service Awards | August 23, 2013 |
| 5.  Objection Deadline-Class Members that wish to object to the Settlement must send written notice by this time | August 28, 2013 |
| 6.  Opt-Out Deadline-Class Members that wish to exclude themselves from the Settlement must send written request by this time | September 23, 2013 |
| 7.  Final Approval Hearing | 9:00 a.m. on September 27, 2013 |
| 8.  Claims Deadline-Class Members must submit Proof of Claim Forms by this time | October 28, 2013 |

**IT IS SO ORDERED.**
DATED: May 28, 2013

_____
EDWARD J. DAVILA
United States District Judge