**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (Ca. # 167688)
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
Tel: 501-312-8500

**MILSTEIN ADELMAN, LLP**
Gillian Wade (Ca. # 229124)
2800 Donald Douglas Loop North
Santa Monica, California 90405
Tel: 310-396-9600

**GOLOMB & HONIK, PC**
Richard M. Golomb
Ruben Honik
Kenneth J. Grunfeld
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
Tel: 215-985-9177

**KU & MUSSMAN, PA**
Brian T. Ku
M. Ryan Casey
12550 Biscayne Boulevard, Suite 406
Miami, Florida 33181
Tel: 305-891-1322

*Attorneys for Plaintiffs Tasha Smith and Frediericck Smith and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TASHA SMITH and FREDIERICK SMITH,

Plaintiffs,

v.

INTUIT INC., a Delaware Corp.,

Defendant.

Case No. 12-cv-00222-EJD

**SUPPLEMENTAL MOTION SEEKING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

Judge: Hon. Edward J. Davila
Place: Courtroom 4, 5th Floor
Date: September 27, 2013
Time: 9:00 a.m.

## I. INTRODUCTION

The Plaintiff Class filed their Motion for Final Approval on August 23, 2013 (DE # 95). At that time, three individuals filed objections to the Settlement: 1) Normand Joseph Dufresne (DE # 89), (2) Joshua W. Aycock (DE # 90) and (3) Patrick, Sr. and Tina Bohannon (DE # 92). Each of these objections, which were really more in the nature of exclusions because they do not like class

litigation and they do not believe that Intuit did anything wrong, was addressed in the Motion for Final Approval. *See* DE # 95.

After the Motion for Final Approval was filed, three additional individuals submitted objections. These objections were filed by: (4) Joscelyn C. Chapman (DE # 97), (5) Beau Lochridge (DE # 98) and (6) Jordon Echols (DE # 99). A chart of the objections received is attached hereto as Exhibit A. The last two objections received are different than the first four. Though none of the objectors claim to be represented by counsel, as set forth herein, the parties have reason to believe and know that Mr. Lochridge and Mr. Echols are in fact being counseled by professional objector attorneys that make a living challenging class actions in order to extract a fee from settling parties.

The objections on the whole, including the three new objections, do not raise significant concerns regarding the Settlement, which is fair, reasonable and adequate. Not one of these objections state a valid ground for finding the Settlement deficient. Accordingly, each objection should be overruled, and Final Approval of the Settlement should be granted.

## II. ADDITIONAL OBJECTORS

### 1. Joscelyn C. Chapman

Ms. Chapman's letter to the Court claims that the lawsuit itself is a "heinous misuse of our legal system" and is a "deterioration of personal accountability in this world." DE # 97. She indicates that she sees nothing wrong with Intuit's practice. *Id.* Although it is not possible to do, she seeks to both object and exclude herself. *Id.* Counsel for the Plaintiff spoke to Ms. Chapman on September 13, 2013. She indicated that she will not be attending the Final Approval Hearing on September 27, 2013.

Like the first three objections, Ms. Chapman's claim is more akin to a request for exclusion than an objection to the settlement. She does not challenge the settlement or any of its terms. She did not file a claim and simply does not want to be part of this lawsuit or the Settlement. She, like the first three "objectors," should be added to the opt-out list.

### 2. Beau Lochridge

Beau Lochridge is a serial class action objector. DE # 98. The approved Notice Plan requires that all objectors provide "[i]nformation about other objections you or your lawyer have made in

other class action cases, including the case name, case number, and jurisdiction of the other class action cases." *See* DE # 80-1, Long Form Notice, Ex. 1, Sec. 7(5), p. 38. Mr. Lochridge refuses to identify other cases where he has objected to a class action. *Id.* Mr. Lochridge (from Arlington, Texas) likely refused to comply with this requirement because he has objected to class action settlements in the past, including a settlement in this district in *In re: Bank of America Credit Protection Marketing and Sales Practices Litigation*, No. 3:11-md-02269-TEH (N.D. CA 2013) (*BofA CP*), a case that involved similar plaintiffs' counsel. When Final Approval was issued by Judge Henderson in January of 2013, Mr. Lochridge appealed, and only then did he identify that he was represented by professional objector counsel Christopher A. Bandas of the Bandas Law Firm in Corpus Christi, Texas.[1]

Attorney Bandas famously makes a living extracting money from settling parties and is known for objecting to legitimate class action settlements; he did so in the *BofA CP* case as well as dozens of other class action settlements nationwide. *See TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. Nov. 15, 2012) (relevant portions attached hereto as Exhibit C). As this District has noted, Mr. Bandas "is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country." Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for *Pro Hac Vice* Admission ("Order Denying Objections") (attached as Exhibit D), *Brown, et al. v. Wal-Mart Stores, Inc., et al.*, Circuit Court of Rock Island County, Illinois, Oct. 29, 2009, p.1. The Court went on to say, "Bandas is a professional objector who is improperly attempting to "hijack" the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.'" *Id*. at p. 2. The Order Denying Objections clearly lays out numerous

[1] While Mr. Lochridge does not identify that he is represented by counsel, it is Plaintiffs' counsel experience that professional objectors' counsel such as Mr. Bandas often "hide" their involvement to avoid making the Court aware of their long and troubling history. *See, e.g. In re Hydroxycut Marketing and Sales Practices Litigation*, No 09-md-2087 (S.D. Ca. 9/17/2013) (Order Striking Objections Due to Objectors' Lack of Standing), at 4 (attached hereto as Exhibit B). Given that Mr. Lochridge was previously represented by Mr. Bandas and has failed to identify his previous role as an objector in violation of this Court's ordered protocol, Plaintiffs' counsel has reason to believe that this objector is actually represented by counsel who has failed to file an appearance.

examples of Mr. Bandas's objections in South Carolina, Missouri, Iowa, California, Arkansas, and Oklahoma. *Id*. at 2-4. This is yet another example of Mr. Bandas "working for [his] own personal benefit and not for the benefit of this Class." *Id*. at 2. Acknowledging the growing concern posed by such professional objectors, the Federal Judicial Center advises courts to "[w]atch out . . . for canned objections from professional objectors who seek out class action to extract a fee by lodging generic, unhelpful protests." Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 15 (2d ed. 2009). Heeding this warning, federal courts are becoming "increasingly weary of professional objectors," who "are a pariah to the functionality of class action lawsuits, as they maraud proposed settlements – not to assess their merits on some principled basis – but in order to extort the parties, and particularly the settling defendants, into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process." *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 295 n. 26 (E.D. Pa. 2003).

Despite repeated attempts by Class Counsel to contact Mr. Lochridge to discuss his objection, he has chosen to ignore us. Mr. Lochridge will not be attending the Final Approval Hearing. *See* DE # 98. These facts provide support that the objection lodged by this professional objector was not brought in good faith, but, rather, was brought for the purpose of extracting money from the Class. *See In re IPO*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("I concur with the numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients.").

Mr. Lochridge's objections to the settlement itself are simply conclusory, boilerplate objections, commonly used by professional objectors and their counsel. First, he claims the counsel fees sought are excessive and not adequately disclosed, but fails to identify why he believes they are excessive or what disclosure is supposedly lacking (none is). *Id.* He indicates that the settlement agreement does not provide enough information about the attorney's fees, but neglects to mention that the motion for final approval of the settlement and the accompanying declaration of plaintiffs' counsel, which were filed with this Court before Mr. Lochridge's letter, provide ample information regarding the attorney's fees request.

Next, he claims the settlement is not "fair, reasonable and adequate" and that the release is "overly broad." *Id.* These conclusory statements provide no thought, insight or analysis whatsoever. To the contrary, the motion for final approval describes in detail why the settlement is "fair, reasonable, and adequate" given the uncertain legal issues and the risks that both sides faced. Furthermore, the release is narrowly tailored to the Refund Processing Service that is at issue in the case. *See* Preliminary and Final Approval Motions, DE #'s 80, 95 (detailing the fairness of the Settlement and the scope of the Release). These and the rest of Mr. Lochridge's boilerplate objections are baseless. Nothing that Mr. Lochridge raises in his objection warrants substantive consideration by the Court at the Final Approval Hearing.

**3. Jordon Echols**

Jordon Echols' objection was originally a mystery that we believe we have now solved. *See* DE # 99. First, upon information and belief, there is no actual individual named Jord<u>o</u>n Echols. The email address listed for this person in his letter is *Jord<u>a</u>n4407@yahoo.com*¸ so perhaps Mr. Echols just spelled his own name wrong multiple times in his objection letter? However, emails sent to *Jordan4407@yahoo.com* bounce back.

Second, Mr. Echols does not identify a Class Member ID Number or the last four digits of his Social Security number as required in the Court-approved Notice Plan. So the Parties were unable to identify with any degree of certainty whether Mr. Echols is even a class member. He certainly has not carried his burden to demonstrate his standing.

Third, the address provided in the objection does not appear to be the home address of Mr. Echols. Rather, it is the home and business address of professional class action objector counsel Thomas Cox. Mr. Cox, however, does not identify himself as counsel for Mr. Echols to the Court in the objection letter. *See* DE # 99. This is highly suspicious given that, as addressed below, Mr. Cox has previously represented Mr. Echols as an objector in other class action litigation.

Fourth, Mr. Echols claims that he has never objected to a class action settlement before this one. *Id.* This statement appears to be false. *See In re Groupon, Inc.*, 2012 U.S. Dist. LEXIS 185750, 14-15 (S.D. Cal. Sept. 28, 2012) ("Warren Sibley, Tracy Klinge, Jordon Echols and Kimberly

Cogbill, through their attorney Thomas L. Cox, Jr., object to the class notice and the proposed settlement."), attached hereto as Exhibit E.

Class Counsel tried repeatedly to contact Mr. Echols, but he has not responded to us. Class Counsel was finally able to get in touch with professional class action objector counsel Thomas Cox, who confirmed that he drafted the letter and that he represents Mr. Echols. *See* Email, Sept. 18, 2013, attached hereto as Exhibit F. However, we still do not even know if this purported objector or his lawyer Mr. Cox will be attending the Final Approval Hearing on September 27, 2013. *See* DE # 99.

In any event, Mr. Echols' objections are unfounded. Mr. Echols' arguments are mostly focused on the plaintiffs' attorneys. Mr. Echols claims that the settlement is poor because "[t]he lawyers get the money." *Id.* He accuses the class lawyers as being "scared" and the class representatives of not doing a good job. *Id.* Insults aside, Mr. Echols provides no basis for his conclusory statements.

Similarly, Mr. Echols claims the approved notice is deficient because it does not identify the number of class members or what plaintiffs' (pre-settlement?) damage demand was. *Id.* These rote objections are similar to those Mr. Echols previously asserted in *In re Groupon, Inc.* *See* Ex. E, at 14-15 (Objecting because "notice does not include the number of class members, how many notices were sent out or how many were returned as undeliverable. As for the proposed settlement, these class members object to the claim form as complex.").

None of these boilerplate arguments are persuasive. Class Counsel provided the Court with detailed information regarding the fees sought by counsel and the class representatives in the Preliminary and Final Approval Motions. *See* DE #'s 80, 95. The Court approved both the Preliminary Settlement and Notice Plan.

> The Court preliminarily finds that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23(g).
>
> ****************************************
>
> The Court has reviewed and approves, as to form and content, the Publication Notice, the Postcard Notice, and the Long Form Notice, all of which are attached to the Settlement Agreement.

****************************************

> The Court finds that the Parties' plan for providing notice to the Settlement Class described in Section VIII of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class . . . .

*See* DE # 85, ¶¶ 5, 9, 10. Mr. Echols' boilerplate objections lack merit.

## III. FINAL APPROVAL IS APPROPRIATE

With a total of only six (6) objections and 147 exclusions in a potential class of over twelve million, there can be no dispute that Class Members here overall have had a very favorable reaction to the Settlement. Collectively, the objections and exclusions represent only a tiny fraction of one percent of the Settlement Class; the Settlement enjoys the overwhelming approval of the Settlement Class and should be approved by this Court. *In re MicroSrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 668 (E.D. Va. 2001) (finding the lack of opposition to the settlement "strongly supports a finding of adequacy."); *Churchill Village, LLC,* 361 F.3d at 577 (upholding approval of settlement where there were 45 objectors and 500 opt-outs of a notification pool of 900,000); *Chun-Hoon,* 716 F. Supp. 2d at 852 (16 opt-outs in a 329 member class supported settlement).

A majority of the objectors do not even challenge the terms of the Settlement; rather, they seek to exclude themselves from the lawsuit. The remaining two serial objectors, whose motives are less clear, submit only cursory, place-holder type objections. Nothing specifically mentioned by any objector is new or unique to this litigation or warrants significant consideration by this Court.

## IV. CONCLUSION

Not one of the objections filed and/or received by the Parties provides a sound basis for finding the Settlement deficient. Rather, the favorable reaction of the Class to the Settlement supports approval by this Court.

Respectfully Submitted,
**MILSTEIN ADELMAN, LLP**

By: ______________________
Gillian Wade (Ca. # 229124)

gwade@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Tel: 310-396-9600

*and*

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (Ca. # 167688)
hbates@cbplaw.com
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
Tel: 501-312-8500

*and*

**GOLOMB & HONIK, PC**
Richard M. Golomb
rgolomb@golombhonik.com
Ruben Honik
rhonik@golombhonik.com
Kenneth J. Grunfeld
kgrunfeld@golombhonik.com
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
Tel: 215-985-9177

*and*

**KU & MUSSMAN, PA**
Brian T. Ku
brian@kumussman.com
M. Ryan Casey
ryan@kumussman.com
12550 Biscayne Boulevard, Suite 406
Miami, Florida 33181
Tel: 305-891-1322

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **20th day of September, 2013**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Gillian L. Wade*