UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TASHA SMITH and FREDIERICK SMITH,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTUIT INC., a Delaware Corp.,<br><br>　　　　　Defendant. | Case No. 12-cv-00222-EJD<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT |

　　　　WHEREAS, on May 28, 2013, 2013, this Court entered an Order Granting Preliminary Approval of Proposed Settlement (the "Preliminary Approval Order"), preliminarily approving the proposed settlement of the Action pursuant to the terms of the Settlement Agreement and directing that notice be given to the members of the Settlement Class;

　　　　WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Class (the "Notice Plan"), the Settlement Class was notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, inter alia, whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release and dismissal of the Released Claims against the Released Parties; and

　　　　WHEREAS, a Fairness Hearing was held on September 27, 2013.  Prior to the Fairness Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of

compliance. Settlement Class Members were therefore notified of the terms of the proposed settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

NOW, THEREFORE, the Court, having heard the oral presentations made at the Final Approval Hearing, and having reviewed all of the submissions presented with respect to the proposed Settlement, and having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of an ascertainable class, numerosity, commonality, typicality, adequacy of representation, manageability of the settlement class for settlement purposes, that common issues of law and fact predominate over individual issues, and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

4. The Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Class who did not submit a timely and valid Request for Exclusion. The members of the Class who have requested exclusion are identified on Exhibit A hereto.

5. For purposes of the Settlement and this Final Approval Order and Judgment, the Class shall consist of all Intuit customers in the United States who used Intuit's TurboTax online and utilized the Refund Processing Service from the time period from and including January 12, 2008, through May 28, 2013. Excluded from the class are all persons who elected to exclude themselves from the class, Intuit, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

6. The Court finds that the Notice Plan set forth in Sections VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Class of the pendency of this Action, certification of the Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

7. The Settlement, as set forth in the Settlement Agreement and this Order is in all respects fair, reasonable, adequate and in the best interests of the Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, and therefore the Settlement is approved. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof, with the exception of paragraphs 73-75, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

8. Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order and Judgment, fully, finally and forever released, relinquished, and discharged the Releasees from all Released Claims pursuant to Section VI of the Settlement Agreement.

9. Releasors are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Releasees.

10. This Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Intuit or any other Releasee of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

11. The claims of the Plaintiff Class Representatives and all Settlement Class Members in this Action are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this Action, entered in

1  response to Class Counsel's motion therefor brought in connection with the Settlement, the parties
2  shall bear their own costs and attorneys' fees.  The Court reserves jurisdiction over the
3  implementation of the Settlement, including enforcement and administration of the Settlement
4  Agreement, including any releases in connection therewith and any other matters related or ancillary
5  to the foregoing.

7  **IT IS SO ORDERED.**

9  Dated:  October 1, 2013

_____
Honorable Edward J. Davila
United States District Judge