1

2

3

4    **UNITED STATES DISTRICT COURT**

5    **NORTHERN DISTRICT OF CALIFORNIA**

6    **SAN JOSE DIVISION**

7

8    TASHA SMITH and FREDERICK
     SMITH, individually and on behalf of all          )    Case No: **5:12-cv-00222-EJD**
9    others similarly situated,                         )    **CLASS ACTION**
                                                        )
10                           Plaintiffs,                )    **SUPPLEMENTAL DECLARATION OF**
            vs.                                         )    **SETTLEMENT ADMINISTRATOR**
11                                                      )
     INTUIT INC., a Delaware Corporation;               )
12                                                      )
                             Defendant.                 )
13                                                      )
                                                        )
14                                                      )

15   _____

16

17

18

19

20

21

22

23

24

25

26

27   _____
     SUPPLEMENTAL DECLARATION OF SETTLEMENT ADMINISTRATOR
28                     Case No. 5:12-cv-00222-EJD

1    I, Michael E. Hamer, hereby declare as follows:

2        1.       I am a Project Manager for Heffler Claims Group, LLC ("Heffler").   Our

3    business address is 1515 Market Street, Suite 1700, Philadelphia, PA 19102.   Our main

4    telephone number is (215) 665-8870.   I am over twenty-one years of age and am authorized to

5    make this declaration on behalf of Heffler and myself.   I have personal knowledge of the facts

6    contained in this declaration and can competently testify to them if called as a witness.

7        2.       I submit this declaration to confirm that Heffler has met all of the duties required

8    of the Settlement Administrator pursuant to the Settlement Agreement ("the Agreement") and

9    this Court's "Order Preliminarily Approving Class Action Settlement Agreement, conditionally

10   Certifying Settlement Class, Directing Notice of Proposed Class Settlement, and Scheduling a

11   Fairness Hearing Date" dated May 28, 2013 (Document 85) and the "Order Granting Final

12   Approval of Class Action Settlement and Final Judgment" dated October 1, 2013 (Document

13   104).

14       3.       Heffler was appointed as Settlement Administrator to provide notification and

15   administration services in the above-captioned matter, including: (a) notification procedures as

16   detailed in declarant's previous declaration; (b) collection and administration of claims

17   submitted; and (c) such other tasks as Counsel mutually agrees or the Court orders or requests

18   Heffler to perform.

19       4.       Heffler is responsible for the receipt and processing of all Claim Forms filed by

20   Class Members.   In addition to being able to submit an on-line Claim Form through the

21   Settlement Website, a Class Member may obtain a paper copy of the Claim Form, either

22   through the Settlement Website or by requesting a Claim Form from Heffler directly, and

23   mailing the completed Claim Form to the Settlement P.O. Box.   The deadline to submit a Claim

24   Form was October 28, 2013.   Through July 18, 2014, Heffler received a total of 367,259 Claim

25   Forms, as follows: (a) 357,285 Claim Forms timely-filed on-line through the Settlement

26   Website; and (b) 9,974 Claim Forms filed on paper and submitted through the U.S. Mail, as

27

28

SUPPLEMENTAL DECLARATION OF SETTLEMENT ADMINISTRATOR
Case No. 5:12-cv-00222-EJD

1  follows: 9,731 timely-filed and 243 late-filed.

2      5.    Heffler added all of the paper claim form data, including the late filed claims,

3  into the claims database, combined them with the web-filed claim forms, which resulted in a

4  total database containing 367,259 claims for processing.

5      6.    Pursuant to the Agreement at ¶46.a and ¶46.e, the 243 late-filed claims are not

6  valid and are not entitled to Class Relief. Additionally, five (5) claim forms have been received

7  from persons who opted-out of the Class, and three (3) claimants have requested that their claim

8  form be withdrawn. These eight (8) are also not valid, and are considered rejected.

9      7.    Heffler performed multiple, detailed searches comparing likely matches

10  identified of combinations of name, address, and/or class member ID number to identify

11  duplicate claim submissions (*i.e.*, multiple submissions by the same person, although the claim

12  data itself need not be identical). Heffler accepted one of the potentially duplicate claims as

13  valid[1] and marked the remaining duplicates as rejected. Of the 367,259 claims received, the de-

14  duping process identified and marked 21,638 duplicate claims. These duplicate claims are not

15  valid and therefore are not entitled to Class Relief. They have been rejected.

16      8.    Pursuant to the Agreement at ¶46.c and ¶46.d, Heffler performed multiple

17  database queries, searches and comparisons to identify claims that are incomplete (did not

18  answer all applicable questions on the Proof of Claim form), or lacked the requisite information

19  (name, address, assigned class member identification number or last four digits of Social

20  Security Number and/or signature). Those claimants were contacted by Heffler and/or the

21  claims so identified were compared to the class data supplied to Heffler for the notification

22  process and missing information was obtained and the database updated as applicable. Through

23  these efforts, Heffler was able to cure all claims of these potential defects, and there are no

24  remaining claims that are incomplete and/or lack the requisite information.

25  _____

26  [1] Where a claimant submitted multiple claims, Heffler accepted the timely-filed claim, reviewed
all applicable claims and adjusted the valid claim to reflect all of the valid number of times the

27  Class Member purchased the Refund Processing Service during the Class Period.

3

28  SUPPLEMENTAL DECLARATION OF SETTLEMENT ADMINISTRATOR
Case No. 5:12-cv-00222-EJD

9.    Heffler has determined the net funds available for distribution of $3,953,702.31 by subtracting from the Gross Settlement Fund Amount all administrative costs (including estimated anticipated costs), the award of attorneys' fees and costs, any taxes due or anticipated, and the awards to the Class Representatives to arrive at the Net Settlement Fund.  Exhibit A attached hereto on a CD is a report setting forth the calculations used to determine the net funds available for distribution.

10.    Heffler has calculated the "Distribution Amount" for each Class Member who submitted a timely, valid Proof of Claim Form by determining the number of times the Class Member purchased the Refund Processing Service ("RPS") during the Class Period divided by the total number of times that all Class Members who submitted timely, valid Proof of Claim Forms purchased the RPS during the Class Period (1,327,422, as stated in ¶11, below) and multiplying the result by the estimated Net Settlement Fund ($3,953,702.31, as stated in ¶9, above).  This mathematical process results in approximately $2.97848 for each time the RPS was used by an Approved Claimant, with the "average" claimant who used the RPS four times (1,327,422 RPS purchases divided by 345,370 Approved Claimants) receiving $11.91[2].

11.    Exhibit B attached hereto on the same CD is a report listing the claim number, number of times the Class Member purchased the RPS during the Class Period, and Distribution Amount for the 345,370 valid claims described above.  The total number of times the Class Members purchased the RPS during the Class Period for all "Approved Claims" is 1,327,422.

12.    Exhibit C attached hereto on the same CD is a report listing the claim number, number of times the Class Member purchased the RPS during the Class Period claimed, and reason for rejection for the 21,889 "Rejected Claims", as described in ¶¶6 – 7, above.

13.    As claimants' names and addresses are considered highly-sensitive personal and commercial information, this information has been omitted from Exhibits B and C.  This

---

[2] The "average" claimant, who used the RPS four times, would have spent approximately $119.80 ($29.95 times 4) and is receiving $11.91, or approximately 10% of their total purchase price.

4

information is stored and maintained in our secure database.  Prior to the mailing of refund checks, the list of payees will be submitted to the United States Postal Service ("USPS") for updating and standardization.

14.   All checks will carry the notation "Void after 180 Days."  Checks that are not negotiated by the payee after this period will be void (with the funds associated with any such uncashed checks potentially subject to further re-distribution if feasible and approved by the Court).

15.   Any checks returned by the USPS as undeliverable will either be (i) mailed to the forwarding address provided by the USPS, or (ii) will be researched for a current address once through a commercial service, such as a credit reporting bureau, Lexis/Nexis, or a similar locator service firm.  A check will be re-mailed to all payees for whom an updated address is obtained.  Where an updated address is not be obtained, the check will be deemed "unlocatable" and no further research will be performed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 6th day of August 2014, in Philadelphia, Pennsylvania.

Michael E. Hamer

SUPPLEMENTAL DECLARATION OF SETTLEMENT ADMINISTRATOR
Case No. 5:12-cv-00222-EJD